Curia, per

Richardson, J.
The question is, whether the evidence that Adam, at the instance of the defendant, carried the corn into the kitchen and there left it, was competent evidence to go to the jury for their consideration, together with all the other facts and circumstances, in order to prove the illegal trading of Giles Bowers with Adam, when indicted under the Act of 1817, and not under the Act of 1834.
There was and could be no objection upon general principles of law to such facts; they must go for what they are worth'. But the objection is this, that as under the Act of 1834, where shopkeepers, (fee., are indicted for such illegal trading, it is enacted, “that,” (fee., “it shall be sufficient for the conviction of such person, to prove,” (fee., “that the slave entered such shop,” (fee., (fee., “with the article charged in the indictment, and left the said shop,” (fee., “without the same.” it follows, such is the objection to the present verdict, that this provision cannot apply to prosecutions for illegal trading under the Act of 1817 ; that is, to prosecutions against other persons than such as are enumerated in the Act of 1834. And assuredly this may be very possibly true. But it does not follow that such evidence, thus made, of itself, “sufficient for the convic *673 tion,” in certain cases, may not go to the jury, to induce them to convict in any case.
Before the Act of 1834, such evidence was competent and good for what it might be worth. It remains so still, certainly not the worse, because the Act of 1834 makes it very good, and even “sufficient for conviction,” of itself, in certain particular cases. The severe policy of this enactment against certain traders and traffickers, is very intelligible. But it leaves the Act of 1817, and the rules of evidence as applicable to prosecutions under it, as before the Act of 1834. These were properly applied to the present case. Therefore, the motion is dismissed.
O’Neall, Evans, Butler, Wardlaw and Frost, JJ. concurred.